# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WS LIQUIDATION, INC., <br> f/k/a WINNER STEEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ETKIN & COMPANY, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) 02:08-cv-1742 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

Before the Court for consideration and disposition is the MOTION TO DISMISS, MOTION TO COMPEL ARBITRATION AND MOTION FOR STAY (Document No. 12) filed by defendant Etkin & Company, Inc. ("Defendant" or "ECI"). The issues have been fully briefed (Document Nos. 13, 14, 15), and the motion is ripe for disposition. Also pending is WINNER STEEL'S MOTION TO STRIKE ETKIN & COMPANY, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS, MOTION TO COMPEL ARBITRATION AND MOTION FOR STAY (Document No. 16).

Factual and Procedural Background

This case arises out of a contract in which ECI agreed to assist in efforts to find a suitable business opportunity for Winner Steel, including acquisition, merger, purchase of stock, purchase of assets, or other form of combination. The parties entered into a Letter Agreement on May 17, 2005 (the "Agreement") which contains an arbitration clause. The parties are scheduled to commence a hearing before the American Arbitration Association ("AAA") on February 9,

2009 in an action brought by ECI to recover a "success fee." ECI and James E. Winner, Jr. were parties to a related civil action in this Court, Civil Action No. 07-903.

In this case, Plaintiff WS Liquidation, Inc. f/k/a Winner Steel, Inc. ("Plaintiff" or "Winner Steel") seeks a determination by this Court that ECI was a broker of securities who was required to register with the Securities and Exchange Commission ("SEC") and a declaration that because ECI "engaged in the activites of a broker to Winner Steel while unregistered with the SEC, the May 17, 2005 Letter Agreement between ECI and Winner Steel ("Agreement") is null, void, and unenforceable." Complaint ¶¶ 6-7. Winner Steel contends that the arbitration provision of the Agreement is also null, void and unenforceable.

On December 31, 2008, Winner Steel filed a Motion for Preliminary Injunction and Stay. On January 6, 2009, Winner Steel filed a Motion for Expedited Discovery. In essence, Winner Steel asks the Court to stay, terminate or dismiss the February 9, 2009 arbitration proceeding. ECI's Motion to Dismiss raises a threshold issue, which must be resolved before considering the motions filed by Winner Steel. Nevertheless, the Court has ordered ECI to file responses to Winner Steel's pending motions in recognition of the exigency of the situation.

Motion to Strike Reply Brief

Winner Steel is correct that ECI's Reply Brief fails to comply with the Court's policies and practices. Reply briefs are limited to five pages and ECI did not seek leave to exceed that page limit. Accordingly, WINNER STEEL'S MOTION TO STRIKE ETKIN & COMPANY, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS, MOTION

TO COMPEL ARBITRATION AND MOTION FOR STAY (Document No. 16) is **GRANTED IN PART**, in that the Court will consider only the first five pages of ECI's Reply Brief.

Motion to Dismiss

ECI contends that the Complaint must be dismissed because the parties agreed to submit "any controversy or claim arising out of or relating to" their Agreement to arbitration. Essentially, Plaintiff responds that the alleged failure of ECI and/or William Etkin to have been registered as a licensed "broker or dealer" under §15 and §29 of the Securities Exchange Act of 1934 bars ECI from agreeing to provide to the Plaintiff the services set forth in the May 17, 2005 Agreement, thus rendering the Agreement void *ab initio*, and also voiding the arbitration clause contained therein. *See, e.g.* Complaint ¶ 78 ("Because ECI engaged in activities that rendered the Letter Agreement void as regards the rights of ECI, the Letter Agreement and, specifically, its arbitration provision is void and unenforceable as regards the rights of ECI."). Defendant argues that such challenges to the contract as a whole, as opposed to the arbitration provision itself, must be presented to the arbitrators in the first instance and not this Court.

Under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-10, in order to determine whether there is an enforceable arbitration agreement between the parties which would compel arbitration and dismissal of the present action, a court must consider: (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the specific dispute falls within the substance and scope of that agreement. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir.2005) (citations omitted). The parties do not dispute that they entered into an Agreement on May 17, 2005 that contains a broad arbitration clause:

> Any controversy or claim arising out of or relating to this Agreement, the services performed hereunder, or the breach thereof shall be submitted to and settled by arbitration before the American Arbitration Association (the "AAA") in accordance with the Commercial Arbitration Rules of the AAA, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

Winner Steel contends that the Agreement is void because ECI failed to register with the Securities and Exchange Commission. This contention falls squarely within the substance and scope of the language "**Any** controversy or claim **arising out of or relating to** this Agreement . . . ." (Emphasis added). Thus, the prerequisites to arbitration set forth in *Trippe* are fulfilled.

The FAA establishes a policy "favoring arbitration, requiring that courts rigorously enforce arbitration agreements." *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). The duty of a court to give effect to an arbitration clause "is not diminished when a party bound by an agreement raises a claim founded on statutory rights." *Id.* Thus, the mere fact that Winner Steel asserts a claim based on the Securities Exchange Act does not diminish the applicability of the FAA.

In *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 446 (2006), the United States Supreme Court recently held that when a contract contains an arbitration provision, a claim that the contract is void for illegality must be "considered by an arbitrator, not a court." The Supreme Court distinguished challenges pertaining to the "validity of the agreement to arbitrate,"[1] from queries concerning "the contract as a whole, either on a ground that directly affects the entire agreement…or on the ground that the illegality of one of the contract's

---

[1] As an example of this first category, the Supreme Court cited and distinguished *Sandvik AB v. Advent Int'l Corp.,* 220 F.3d 99 (3d Cir. 2000), the case relied upon by Winner Steel in its initial brief.

4

provisions renders the whole contract invalid." *Id* at 444. When making the second type of challenge, the parties must proceed in accordance with the arbitration provisions of the contract in question. The holding in *Buckeye* applies "regardless of whether the challenge is brought in federal or state court." *Id* at 449. *Buckeye* appears to be directly on-point and is dispositive of this case.

The Court of Appeals for the Third Circuit and district courts within the Third Circuit have followed *Buckeye* to conclude that arbitration is the appropriate forum when a contract is challenged as void *ab initio*. In *Gay v. Creditinform*, 511 F.3d 369, 397 (3d Circ. 2007), the Court upheld the validity of an arbitration clause even though the underlying complaint attempted to assert a class action, the claim was based on a statute with repeated references to "court," and Plaintiff contended that the parties' contract was unconscionable. In *Fox Int'l Relations v. Fiserv Securities, Inc.*, 418 F.Supp.2d 718, 724 (E.D. Pa 2006), the Court held that a claim that a brokerage agreement was void due to fraud must be presented in arbitration. In *Martin v. Delaware Title Loans, Inc.*, 2008 WL 4443021 *3-4 (E.D. Pa. Oct. 1, 2008), the Court held that claims based on state consumer protection statutes constituted challenges to the contract as a whole, and therefore, must be presented in arbitration. In sum, it is well-established that claims which allege that a contract is void must be presented to the arbitrator(s) in the first instance.

Winner Steel, in recognition of these principles, attempts to recast its position as a challenge to the arbitration clause of the Agreement on the grounds that it is inconsistent with the arbitration process envisioned by the Securities Exchange Act. Plaintiff's effort is unavailing. *See Gay*, 511 F.3d at 379 (party seeking to avoid arbitration has burden to establish

congressional intent to preclude arbitration).² As explained in *Fox Int'l Relations*, 418 F. Supp.2d at 718 (involving a similar allegation of brokerage fraud):

> [P]laintiffs are not arguing that they did not sign the contract, that the contract was signed by someone without authority, or that they lacked the capacity to sign the contract…What plaintiffs are arguing is that defendants made fundamental misrepresentations which amounted to fraud in the factum and rendered the entire contract void. Their challenge is to 'the validity of the contract as a whole'…and must therefore be submitted to arbitration.

In this case, as in *Buckeye* and *Fox*, Plaintiff's argument relates to the Agreement as a whole and not to its specific arbitration provision independently. The Complaint seeks "a judgment declaring the May 17, 2005 Letter Agreement null, void and unenforceable." Complaint at 21. There is no causal connection between the alleged misrepresentation regarding failure to register with the SEC and the arbitration clause. Indeed, Winner Steel has participated in the AAA forum for many months without objection. Moreover, in the related Civil Action No. 07-903, Plaintiff never contended that arbitration was an inappropriate forum but merely sought a declaration that James Winner not be required to participate in his individual capacity. Clearly, Plaintiff is challenging the Agreement in its entirety, and thus *Buckeye* and its progeny apply.

In the arbitration forum, Plaintiff will "retain the full range of rights created by [the statutes]," and"[t]hese rights remain available in individual arbitration proceedings." *Gay*, 511 F.3d at 392. When "the right made available by a statute is capable of vindication in the arbitral forum, the public policy goals of that statute do not justify refusing to arbitrate." *Id*. at 379-80 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)). *See also Mitsubishi Motors Corp. v. Soler Chryler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985) ("By agreeing to

---

²Winner Steel's appeal to the "implicit reasoning" in *McMahon*, 482 U.S. at 220, cannot be credited, as the dicta in *McMahon* has been superseded by the more recent *Buckeye* holding that is squarely on-point. The Court can discern no congressional intent to bar arbitration under the circumstances of this case.

6

arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.").

Indeed, the arbitrators may ultimately decide to void the Agreement in its entirety because of an alleged violation of the statute. This circumstance was noted in *Fox Internat'l Relations*: "The Court realizes that [the decision of the arbitrators could] mean that the Court enforced an arbitration clause in a void contract. While this result may seem paradoxical, it is exactly the result contemplated by the Court in *Buckeye*." 418 F. Supp.2d at 724. Similarly, this matter is one to be determined by the arbitrator(s) in the first instance, not this Court.

In accordance with the foregoing, the MOTION TO DISMISS, MOTION TO COMPEL ARBITRATION AND MOTION FOR STAY is **GRANTED**. The Complaint is hereby **DISMISSED** and all pending motions are **DENIED AS MOOT**. The parties shall proceed with the scheduled February 9, 2009 arbitration in Pittsburgh, PA. If Winner Steel wishes to pursue its allegations against the Defendant, it must do so in arbitration. The clerk shall docket this case closed.

SO ORDERED this 22nd day of January, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Joseph A. Katarincic, Esquire
Email: jkatarincic@thorpreed.com
J. Alexander Hershey, Esquire
Email: ahershey@thorpreed.com
Stuart C. Gaul , Jr., Esquire
Email: sgauljr@thorpreed.com

Allan J. Arffa, Esquire
Email: aarffa@paulweiss.com
Daniel B. McLane, Esquire
Email: dmclane@eckertseamans.com
Amos Elberg, Esquire
Email: aelberg@paulweiss.com